IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALTER CHARLES ARCHER                                              PLAINTIFF

v.                    CASE NO. 5:07-CV-00237 BSM

SCOTT HORNADAY, ET AL                                              DEFENDANTS

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 24, 2007, plaintiff was arraigned on various charges at the Dallas County District Courthouse. After plaintiff's arraignment, the Chief Court Clerk, Suzie Williams, reported to defendant Scott Hornaday, a sergeant for the Fordyce Police Department, that the plaintiff had harassed Deputy Court Clerk Sandra Lloyd. Defendant Hornaday took plaintiff out of the courtroom and escorted him to an office in the police department. As defendant Hornaday was escorting plaintiff, who was handcuffed in front, Hornaday had his hand on the back of plaintiff's shirt directing him to the office. Defendants Still and Dodson of the Fordyce Police Department were already in the office where plaintiff was transported.

Plaintiff testified that upon entering the office, defendant Hornaday threw plaintiff down in a chair, then hit him in the chest three timesand on his neck and threatened to kill him. Plaintiff also testified that defendants Still and Dodson witnessed defendant Hornaday's actions. Defendants Hornaday, Still, and Dodson testified that defendant Hornaday did not use force against plaintiff. Later that evening, plaintiff was taken to the hospital.

During the pretrial conference with the parties, the court granted the unopposed motion to dismiss the allegations against all defendants, with the exception of defendant Hornaday. The

court denied without prejudice defendants' motion to dismiss the claims against defendant Hornaday in his official capacity.

Because plaintiff's complaint is silent regarding the capacity in which he is suing the defendants, the court must assume that the complaint includes official-capacity claims only. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the court] interpret[s] the complaint as including only official-capacity claims.") (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)). Therefore, only plaintiff's claims against defendant Hornaday in his official capacity were before the court.

Plaintiff's claims against defendant Hornaday in his official capacity are essentially claims against the City of Fordyce. *See Liebe v. Norton*, 157 F.3d 574, 578-79 (8th Cir. 1998); *Marley v. Crawford County, Arkansas*, 383 F. Supp. 2d 1129, 1132 (W.D. Ark. 2005). In order to hold the City of Fordyce liable under section 1983, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the city's officers],"or that a "constitutional deprivation [was] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978)). At the close of plaintiff's case, the court granted defendant's unopposed motion to dismiss plaintiff's claims against defendant Hornaday in his official capacity, as plaintiff submitted no evidence and did not allege an official policy or custom of the City of Fordyce that resulted in the deprivation of

his constitutional rights. Also, to the extent that plaintiff's complaint could be construed to allege denial of medical care, the court dismissed those claims upon the unopposed motion of defendant.

> Federal Rule of Civil Procedure 52(c) provides:
>
> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Because plaintiff presented no evidence to support his claim against defendant Hornaday in his official capacity, plaintiff cannot prevail. Therefore, pursuant to Federal Rule of Civil Procedure 52(c), plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this 3rd day of September, 2008.

*[signature]*
UNITED STATES DISTRICT JUDGE